**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| BMO BANK N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:25-cv-429 |
| JEREMY ROBINSON, | ) ) ) |
| Defendant. | ) ) |

**ORIGINAL VERIFIED COMPLAINT**

Plaintiff, BMO Bank N.A., by its attorneys, and in support of its Original Verified Complaint (the "Complaint"), states as follows:

**PARTIES**

1. BMO Bank N.A. ("Plaintiff") is a national banking association with its main office located in Chicago, Cook County, Illinois, as set forth in its articles of association. For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant, Jeremy Robinson d/b/a Republic Foods ("Borrower"), is an individual domiciled within, and a citizen of, the State of Texas and may be served with process at 24 Sugarloaf, Hitchcock, Texas 77563.

**JURISDICTION AND VENUE**

3. The parties are of diverse citizenship.

4. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

6. This Court has personal jurisdiction over Borrower as Borrower is an individual residing in Galveston County, Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Borrower resides in Galveston County, Texas.

## FACTUAL ALLEGATIONS

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

## The Agreement

9. On or about April 12, 2024, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein (together with all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto, the "Collateral"), and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

10. Plaintiff performed all of its obligations under the Agreement and did, in fact, finance Borrower's purchase of the equipment described therein.

11. Pursuant to the Agreement, Borrower granted Plaintiff a first-priority security interest in the Collateral. In summary, the Collateral consists of the following vehicles (including any other attachments, accessions, substitutions, or replacement parts):

| Year | Make | Model | VIN |
|---|---|---|---|
| 2020 | Peterbilt | 579-Series | 1XPBDP9X1KD627046 |
| 2020 | Peterbilt | 579-Series | 1XPBDP9X8KD627044 |
| 2020 | Peterbilt | 579-Series | 1XPBDP9XXKD627045 |

2

12. Plaintiff properly perfected its security interest in the Collateral by electronically recording its interest with the Missouri Department of Revenue. A true and correct copy of the electronic title report, evidencing Plaintiff's perfected interest in the Collateral, is attached hereto and incorporated herein as **Exhibit B**.

13. Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default. *See* Exhibit A, ¶ 5.1(a).

### Default under the Agreement

14. Borrower is in default under the Agreement for his failure to pay the amounts due thereunder.

15. More specifically, Borrower failed to make a payment for the June 10, 2025 payment due under the Agreement. Borrower's defaults are continuing.

16. As a result of Borrower's default under the Agreement, effective October 29, 2025, Plaintiff elected to accelerate the balance due under the Agreement and declare the entire indebtedness owed pursuant to the Agreement immediately due and payable.

17. Under the Agreement, Borrower is obligated to pay interest at a contract rate set forth therein on any unpaid amounts due thereunder and, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 ½%) per month or the maximum rate not prohibited by applicable law. *See* Exhibit A, at ¶ 5.3.

18. In addition, under the Agreement, Borrower is obligated to pay late charges and other fees under the Agreement. *See* Exhibit A, at PAYMENT SCHEDULE.

19. In addition, under the Agreement, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral. *See* Exhibit A, at ¶ 5.2.

20. In addition, under the Agreement, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit. *See* Exhibit A, at ¶ 5.2(a).

21. Plaintiff notified Borrower of his default under the Agreement and made demand upon Borrower to pay the amount due under the Agreement.

22. Further, on November 4, 2025, Plaintiff notified Borrower of Plaintiff's election to accelerate the balance due under the Agreement and made written demand for payment due under the Agreement. A true and correct copy of Plaintiff's demand letter to Borrower dated November 4, 2025 is attached hereto and incorporated herein as **Exhibit C**.

23. Calculated as of November 3, 2025, the amount due and owing under the Agreement, not including attorneys' fees and costs of collection, was an amount not less than $102,962.71. In addition, default interest, fees, and expenses continue to accrue as set forth in the Agreement.

24. Pursuant to the Agreement, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

25. Plaintiff notified Borrower of his default under the Agreement and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Borrower pay the amounts due under the Agreement.

26. Despite express demand, Borrower has failed or refused to pay the amounts due and owing under the Agreement to Plaintiff.

27. Despite express demand, Borrower has failed or refused to return possession of the Collateral described in the Agreement.

28. The Agreement expressly provides that Borrower unconditionally waives his right to a jury trial of any claim or cause of action relating thereto.

29. Plaintiff has performed any and all conditions and obligations required of it under the Agreement.

30. Plaintiff has retained the services of Husch Blackwell LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Agreement. *See* Exhibit A, at ¶ 5.2(a).

31. All conditions precedent to the institution of this action have been performed, excused or have occurred.

## COUNT I
## INJUNCTIVE RELIEF

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

33. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral.

34. On any given day, the Collateral is located, or is capable of being located, in diverse places throughout the United States.

35. The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

36. Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

37. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined

from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

d. Plaintiff be granted such other and further relief as shall be just and equitable

## COUNT II
## SEQUESTRATION

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

39. This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure, Section 62 of the Texas Civil Practice and Remedies Code, and Sections 9.601 and 9.609 of the Business & Commerce Code.

40. Pursuant to the Agreement, Plaintiff is lawfully entitled to possession of the Collateral.

41. The Collateral consists of three independent pieces of property, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto.

42. The Collateral is wrongfully detained by Borrower.

43. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any Texas law against the property of Plaintiff or against Plaintiff individually, nor seized under any lawful process against the goods and chattels of Plaintiff subject to lawful process, nor held by virtue of any order for replevin against Plaintiff.

44. Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is based out of a Borrower's location in Hitchcock, Texas, but is unlikely to be at that location at any given time.

45. Given Borrower's possession of the Collateral, it is within the power of Borrower to conceal, waste, encumber, convert, convey, or remove the Collateral from the jurisdiction of the Court, or Plaintiff's post-judgment remedy would be otherwise inadequate.

46. Solely for the purpose of setting an appropriate bond and not as an admission of value, Plaintiff estimates the fair market value of the Collateral as approximately $119,550.00.

47. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of a writ of sequestration.

WHEREFORE, Plaintiff requests that:

    a. An order granting the issuance of writs of sequestration be entered in favor of Plaintiff granting Plaintiff possession of the Collateral;

    b. Plaintiff be awarded a judgment against Borrower for the value of the Collateral if not delivered;

    c. Plaintiff be awarded a judgment against Borrower for damages for detention;

    d. Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

    e. Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT III
## BREACH OF CONTRACT

48. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

49. Plaintiff has performed all terms and conditions of the Agreement to be performed by Plaintiff.

50. Borrower has not performed under the Agreement on Borrower's part by, among other reasons, failing to make payments under the Agreement when those payments became due.

51. Under the Agreement, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

52. The Agreement provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

DATED: December 19, 2025.  Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Ryan A. Burgett*
Ryan A. Burgett
Attorney-in-Charge
Tennessee Bar No. 33641
S.D. Tex. Fed. No. 2582031
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Tel: (423) 266-5500
Fax: (423) 266-5499
ryan.burgett@huschblackwell.com

-and-

Timothy A. Million
State Bar No. 24051055
S.D. Tex. Fed. No. 618196
600 Travis Street, Suite 2350
Houston, TX 77002
T: 713.525.6221
F: 713.657.6884
tim.million@huschblackwell.com

**ATTORNEYS FOR BMO BANK N.A.**

9

## **VERIFICATION**

I, the undersigned, Nolan Broadie, am employed by Plaintiff, BMO Bank N.A., as a Litigation Specialist. As such, I have personal knowledge of the facts set forth in the attached Original Verified Complaint. I have reviewed the allegations of fact set forth in the Original Verified Complaint and hereby verify that said facts are true, correct, and accurate.

_____
Nolan Broadie

Subscribed and sworn before me this
16 day of December, 2025.

_____
Notary Public

> DEBB WHITE
> Notarial Seal - Iowa
> Commission No. 838362
> My Commission Expires Mar. 29, 2028